RECEIVED

12 JAN -6 PM 12:53

CLERK U.S. DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA, FLORIDA

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

**AMERICAN VINTAGE GUN AND PAWN, INC.**
**a/k/a AMERICAN VINTAGE GUNS, INC.**

Plaintiff,

-VS-

**HOGAN MANUFACTURING, LLC.**, a Limited Liability Company; **ROBERT HOGAN**, an Individual; and **CHRISTOPHER M. DESOMMA**, an Individual,

Defendants.

Case#: 8:12 cv 25 T 24 MAP

# COMPLAINT AND DEMAND FOR JURY TRIAL

**COMES NOW, AMERICAN VINTAGE GUN AND PAWN, INC.** a/k/a **AMERICAN VINTAGE GUNS, INC.** (hereinafter **"AVGUNS"**), Plaintiff herein, and files this its Complaint against Defendants, **HOGAN MANUFACTURING, LLC.** (hereinafter "HOGAN MFG"); **ROBERT HOGAN**; and **CHRISTOPHER M. DESOMMA** (hereinafter "CHRIS DESOMMA"), seeking to recover damages, and in support Plaintiff would show the following:

## PRELIMINARY STATEMENT

The Defendant, HOGAN MFG, an Arizona limited Liability Company, is in the business of manufacturing and sales of firearms and parts to retailers, such as AVGUNS. The co-defendant, ROBERT HOGAN, is the managing member of HOGAN MFG. The Defendant, CHRIS DESOMMA, is a former employee of *Patriot Ordinance Factory, Inc d/b/a POF-USA* (hereinafter "POF-USA"), also a firearms manufacturing company. Prior to the events which serve as the basis for the claims contained herein, AVGUNS enjoyed a long standing business

TPA-9075
$350

relationship with POF-USA, being the nations top seller of POF-USA products. The present complaint is founded, in part, on misrepresentations made by CHRIS DESOMMA and ROBERT HOGAN, which ultimately resulted in AVGUNS entering into a purchase and sale contract with HOGAN MFG. See Exhibit "A" attached hereto. After HOGAN MFG failed to provide the correct parts and firearms as agreed, AVGUNS discovered that HOGAN MFG did not have the rights to sell POF-USA products, and CHRIS DESOMMA and ROBERT HOGAN had misrepresented the ability of HOGAN MFG to provide said firearms and parts. AVGUNS attempted to resolve the matter, and pursuant to discussions between the parties, returned the defective parts and HOGAN MFG failed to return the purchase price as promised.

The Plaintiff is seeking actual, compensatory, statutory and punitive damages, lost profits, and costs of litigation, inclusive of attorneys fees.

## JURISDICTION AND VENUE

1. This Court has subject jurisdiction over this action pursuant to 28 U.S.C. § 1332 as the amount in controversy exceeds the sum of $75,000.00, exclusive of interest and costs, and is between citizens of different states.

2. That venue is proper in this Judicial District pursuant to 28 U.S.C. §1391 as a substantial part of the events and/or omissions giving rise to the following claims occurred in this Judicial District, and the causes of action alleged accrued in this District.

## PARTIES

3. Plaintiff, AVGUNS, is a Florida corporation formed and existing under the laws of the State of Florida since 2006, in the business of designing and selling rifles, handguns, shotguns, and other similar types of firearms to the general public, law enforcement, and military personnel. AVGUNS' principle place of business is located at 4539 Northgate Ct., Sarasota,

Florida 34234. Mr. Felix Yukhtman, is the President of AVGUNS, and at all times material to this Complaint was acting in his official capacity.

4. Defendant, HOGAN MFG is Limited Liability Company formed and existing under the laws of the State of Arizona, in the business of designing and manufacturing whole firearms, and parts thereof. HOGAN MFG's principle place of business is located at 5625 N. 53rd Ave., Glendale, Arizona 85301.

5. Defendant, ROBERT HOGAN, is the owner and managing member of HOGAN MFG. and at all times material to this Complaint, acting alone or in concert with others, has formulated, directed, controlled, or otherwise participated in the acts and practices set forth in this Complaint. Defendant resides in Arizona, but in connection with the matters alleged herein, transacts or has transacted business in this district and throughout the United States.

6. Defendant, CHRIS DESOMMA, under information and belief, was a key sales representative of POF-USA, at the times herein mentioned. However, under information and belief, is now employed by HOGAN MFG, and at all times material to this Complaint, acting alone or in concert with others, he has formulated, directed, controlled, or otherwise participated in the acts and practices set forth in this Complaint. Defendant resides in Arizona, but in connection with the matters alleged herein, transacts or has transacted business in this district and throughout the United States.

## GENERAL ALLEGATIONS

7. On or about February 24, 2011, AVGUNS and HOGAN MFG entered into a written agreement, whereby HOGAN MFG was to provide 31 complete firearms for the amount of $49,600.00 within 4-5 weeks from the date of payment. See email attached hereto and

incorporated by reference herein as Exhibit "A". Shortly afterward, the order was increased to 32 complete firearms for a total amount of $51,200.00.

8. On or about February 28, 2011, AVGUNS made payment in the amount of $51,200.00, but only received 14 of the 32 firearms and did not receive same until on or about May 26, 2011. The order was incomplete, was not delivered on time, and the firearms were not constructed in the manner agreed, and contained parts of inferior quality and workmanship than those agreed.

9. AVGUNS contacted ROBERT HOGAN to resolve the issues with the firearms purchased, and learned that HOGAN MFG was not licensed to sell POF-USA firearms or parts, and that ROBERT HOGAN misrepresented his ability to provide the firearms and or parts, and knew at the time he could not provide the firearms as promised.

10. On or about May 31, 2011, AVGUNS demanded a refund and the 1.5% interest fee pursuant to the terms of the purchase and sale agreement attached hereto as Exhibit "A", and ROBERT HOGAN agreed to refund a portion of the purchase price[1] upon receiving the return of the firearms. AVGUNS returned the firearms on or about May 26, 2011 but ROBERT HOGAN again misrepresented the ability of HOGAN MFG to perform as agreed, and has failed to return $46,200.00.

11. ROBERT HOGAN is personally liable for his conduct committed as an officer, director or other representative of HOGAN MFG. ROBERT HOGAN employed the Limited Liability Company to perpetrate unlawful, fraudulent and deceitful conduct upon Plaintiff. Thus, HOGAN MFG's corporate veil may be pierced to impose personally liability upon ROBERT HOGAN.

12. Plaintiff satisfied all conditions precedent to bringing this action.

[1] Three firearms were retained, and certain credits were given to reduce the amount to $46,200.00.

13. That the Plaintiff is obligated to pay the undersigned counsel his reasonable attorneys fees, and the Defendant is liable for same.

**COUNT I - BREACH OF CONTRACT**

14. Plaintiff reincorporates and realleges paragraphs 1 thru 13 as if fully set forth herein.

15. Plaintiff, AVGUNS, hereby sues Defendant, HOGAN MFG, for Breach of Contract.

16. Plaintiff and Defendant entered into a written contract for the purchase of 32 firearms for the price of $51,200.00. That upon failure of the Defendant to perform under the terms and provisions of the written contract, the Defendant entered into an agreement whereby the Defendant was to refund $46,400.00 of the purchase price, and Plaintiff was to return the firearms and parts at issue, less those firearms and or parts that were agreed to be retained by the Plaintiff. The Defendant failed to return the purchase money as agreed, and under information and belief ROBERT HOGAN, has converted the funds to his own use.

17. Defendant breached of the written agreement, in whole or in part, as set forth herein and as the direct and proximate cause of the breach, Plaintiff has suffered damages, including but not limited to: $46,400.00; pre and post judgment interest; and lost profits estimated to be approximately $30,000.00. The loss of profits being within the reasonable contemplation of the parties when entering into the contract, and that the loss of profits is not remote, contingent, or conjectural in nature.

**WHEREFORE**, the Plaintiff demands judgment against the Defendants for actual and compensatory damages, lost profits, pre and post judgment interest, against said Defendants, including all costs of this action, and such other relief this Court deems just and proper.

## COUNT II - CIVIL THEFT

18. Plaintiff reincorporates and realleges paragraphs 1 thru 13 as if fully set forth herein.

19. Plaintiff, AVGUNS, hereby sues Defendants, ROBERT HOGAN and HOGAN MFG. for Civil Theft.

20. Defendants knowingly obtained funds from Plaintiff with the intent to (a) permanently deprive Plaintiff of the right to such money and (b) appropriate the money for their own use.

21. Plaintiff, through its counsel, and contemporaneously with this complaint has served the statutory letter pursuant to Section 772.11 Fla. Stat. demanding that Defendants pay the monies that Defendants stole from Plaintiff. *See* Letter attached hereto as Exhibit B.

**WHEREFORE,** Plaintiff demands judgment for compensatory damages in the amount of $46,400.00, statutory treble damages in the amount of $139,200.00 and attorneys' fees and costs, as deemed appropriate and reasonable by the Court, pursuant to Section 772.11, Fla. Stat., and such other relief this Court deems just and proper.

## COUNT III - INTENTIONAL FRAUD

22. Plaintiff reincorporates and realleges paragraphs 1 thru 13 as if fully set forth herein.

23. Plaintiff, AVGUNS, hereby sues Defendants, ROBERT HOGAN and HOGAN MFG. for Intentional Fraud.

24. Defendants made false statements of material fact, to wit, that they had the ability and legal right to sell the firearms at issue in the present matter, when in fact they did not, and that the defendants knew the statements were false when they were made.

25. Defendants made the above false statements of fact with the intent to induce the Plaintiff into abandoning its contracts with POF-USA, and for the purpose of obtaining and converting the $49,600.00 to their own use.

26. Plaintiff justifiably relied on the misrepresentations of material fact and was injured as the direct and proximate cause of the fraud.

**WHEREFORE**, the Plaintiff demands judgment against the Defendants for actual and compensatory damages, lost profits, pre and post judgment interest, and punitive damages in amounts to be determined by a jury, against said Defendants, including all costs of this action, and such other relief this Court deems just and proper.

## COUNT IV - NEGLIGENT FRAUD

27. Plaintiff reincorporates and realleges paragraphs 1 thru 13 as if fully set forth herein.

28. Plaintiff, AVGUNS, hereby sues Defendants, ROBERT HOGAN and HOGAN MFG, for Negligent Fraud.

29. Defendants made false statements of material fact, to wit, that they had the ability and legal right to sell the firearms at issue in the present matter, when in fact they did not, and that the defendants knew or should have known the statements were false at the time they were made.

30. Defendants made the above false statements of fact with the intent to induce the Plaintiff into abandoning its contracts with POF-USA, and for the purpose of obtaining and converting the $49,600.00 to their own use.

31. Plaintiff justifiably relied on the misrepresentations of material fact and was injured as the direct and proximate cause of the fraud.

**WHEREFORE**, the Plaintiff demands judgment against the Defendants for actual and compensatory damages, lost profits, pre and post judgment interest, punitive damages in amounts to be determined by a jury, against said Defendants, including all costs of this action, and such other relief this Court deems just and proper.

**COUNT V - TORTIOUS INTERFERENCE WITH ADVANTAGEOUS BUSINESS RELATIONSHIP**

32. Plaintiff reincorporates and realleges paragraphs 1 thru 13 as if fully set forth herein.

33. Plaintiff, AVGUNS, hereby sues Defendants, CHRIS DESOMMA, ROBERT HOGAN and HOGAN MFG, for Tortuous Interference with Advantageous Business Relationship.

34. Defendants knew of the existence of the long-standing business relationship between AVGUNS and POF-USA.

35. Defendants intentionally and unjustifiably interfered with that relationship, with the intent of depriving POF-USA of its top selling client, to wit, AVGUNS.

36. Plaintiff has suffered damages as the direct and proximate result of the breach of that relationship.

**WHEREFORE**, the Plaintiff demands judgment against the Defendants for actual and compensatory damages, lost profits, pre and post judgment interest, punitive damages in amounts to be determined by a jury, against said Defendants, including all costs of this action, and such other relief this Court deems just and proper.

## COUNT VI - CONSPIRACY

37. Plaintiff reincorporates and realleges paragraphs 1 thru 13; and 32 - 36 as if fully set forth herein.

38. Plaintiff, AVGUNS, hereby sues Defendants, CHRIS DESOMMA and ROBERT HOGAN, for conspiracy.

39. Defendants are parties to civil conspiracy, and conspired to intentionally induce the Plaintiff to terminate its business relationship with POF-USA, and to defraud Plaintiff into paying $49,600.00 for firearms that the Defendants knew could not be provided as they did not have the parts, and could not obtain the parts for the firearms as they had no legal right to market, sell or otherwise deal in said parts without a grant of authority by POF-USA.

40. Defendants committed numerous overt acts in furtherance of their conspiracy, including making misrepresentations as to the financial condition of POF-USA, the legal right to market, sell or otherwise deal in the firearms at issue in the present matter, and the ability of HOGAN MFG to provide firearms upon the terms and conditions of the written agreement attached hereto as Exhibit "A".

41. Defendants' conspiracy and their respectful acts caused the Plaintiff to suffer damages.

**WHEREFORE**, the Plaintiff demands judgment against the Defendants for actual and compensatory damages, lost profits, pre and post judgment interest, punitive damages in amounts to be determined by a jury, against said Defendants, including all costs of this action, and such other relief this Court deems just and proper.

**DEMAND FOR JURY TRIAL**

Plaintiff hereby demands trial by jury on all issues so triable.

Dated this December 16, 2011.

Respectfully submitted,

LAW OFFICE OF MICHAEL T. ROBERTSON, ESQ.
1834 MAIN STREET
SARASOTA, FLORIDA 34236
PH: 941 365-7220
FAX: 941 365-5540
ATTORNEY FOR: Plaintiff

BY: ______________________

MICHAEL T. ROBERTSON
FBN: 0157392

**From:** American Vintage Inc. [mailto:chevysonly@earthlink.net]
**Sent:** Tuesday, May 31, 2011 1:17 PM
**To:** 'hoganllc@aol.com'
**Subject:** RE:
**Importance:** High

Here you go...
So there are no questions about time line or what I order or our agreement...
Please forward wire transfer re-fund to :
Regions Bank
8455 Tuttle Ave
Sarasota. FL 34234.
1-941-358-8036
Account # 0054142776
Routing # 062005690
Amount due: $46.400

I have outstanding invoices with you for parts ship to me.
Separate check is coming to you for that.
I want to keep all transactions separately to have a clear track record.
I'm not canceling any of my outstanding orders with you.
I will be happy to purchase product from you one all the all your manufacturing issues have been resolved.
Felex

**From:** hoganllc@aol.com [mailto:hoganllc@aol.com]
**Sent:** Friday, February 25, 2011 9:26 AM
**To:** chevysonly@earthlink.net
**Subject:** Re:

EXHIBIT
A

Good morning
I have a couple questions on this PO

First one you all guns come with CROS inside upper receiver. Black has nickel inside . mp3 has mp3 only on inside Mp3 does not have nickel on the inside

rails will have patent numbers laser on side just like POF and a small H/M on underside per the license

agreement with A.D.D If I have enough POF rail we will send these first

The 3-4 week does this mean the whole order or start of delivery?can we change this to 4-5 week in case someone else can't deliver there end.(outside of Hogan's control)

If you can make these changes and clear up these questions I will send confirmation today

Thanks
Robert

-----Original Message-----
From: American Vintage Inc. <chevysonly@earthlink.net>
To: hoganllc <hoganllc@aol.com>
Cc: 'Omar E. Fernandez' <omare@bellsouth.net>
Sent: Thu, Feb 24, 2011 12:51 pm

Gday Boss..
Im not changing my mind , but simpley re-stracturing the way we are going to do this..
I'm ordering 31 POF-USA .308 @ 1600 per unit for the total of $49.600

BLK 20" - 6 > Rail 4 Mrr 2 HSR Stock / Grip Color 1-tan 1 Green
NP3 20" - 6 >Rail 4 Mrr 2 HSR Stock / Grip Color 1-tan 1 Green
BLK 16" -6 >Rail 5 MRR 1hsr Stock / Grip Color 1-tan 1 Grean
NP3 16" – 6 >Rail 5 MRR 1hsr Stock / Grip Color 1-tan 1 Grean
NP3 14" – 3 >Rail 5 MRR 1hsr Stock / Grip Color 1-tan 1 Grean
Blk 14" -3 >Rail 5 MRR 1hsr Stock / Grip Color 1-tan 1 Grean
All units to be ship in the hard case with 1-20 round MagPull Pmag

I will use my ups account for all shipping A12925, please use this.
All guns will come with CROS coating on the inside of the upper receiver and NP 3 plating.
This guns will have all the features of the POUF-USA guns with all POUF markings (except for the rail with will have no markings)
Please forward me agreement with 3-4 week delivery time. Order will be complete it within this time frame.
Up one receiving of this order confirmation I will deposit $49.600 in to you account ( Today, Tomorrow..).

Just in case that you will not be able to meet the order time line (3-4 weeks) I will be expecting full refund + 1.5% surcharge.
Tnx !!!
This is all the current sks on the guns thet we are ordering..
Please re-view them..

**Barrel:**
heavy contour, hand-lapped button twisted rifled, fluted to reduce
weight and heat
4150 Mil-B-11595 chrome-moly-vanadium alloy (machine gun rated)
70 Rockwell case hardened (Nitrate ) heat treated "5R" polygonal
barrels are 2 times harder than Mil-Spec & hammer forged barrels

**Upper Receiver:**
POF-USA M.R.R.™ Modular Railed Receiver, billet machined 7075-T6 aircraft aluminum alloy
2-piece upper receiver with free floating monolithic top rail
Oversized heat sink barrel nut
A3 flattop: NP3™, Black anodized, O.D. green CeraKote™
Charging handle: black anodized

**Lower Receiver:**
P308, GEN III billet machined 7075-T6 aircraft aluminum alloy with integral oversized trigger guard,
Ambidextrous bolt release lever machined into the lower receiver
Tactical Integrated Trigger System 4.5 lb. non-adjustable single stage competition trigger group

Corrosion resistant and 10 times thicker and harder than Mil-Spec chrome lining
"5R" polygonal right handed 1x10 twist hand-lapped button rifled
barrels from Rock Creek Barrels, Inc.
POF-USA muzzle device
Chamber: 7.62 x 51 mm NATO (.308 Win)

**Method of Operation:**
Gas piston operated, rotating bolt (short stroke system)
2-position gas plug for normal (N) or suppressed (S) operating modes
C.R.O.S.™ (Corrosion Resistant Operating System)
Nitrate heat treated: barrel, gas block/tube (billet machined), gas plug
NP3™ coated (billet machined), gas piston chromed (billet machined).
bolt carrier assembly NP3™ coated (one-piece billet machined)

**Bolt & Carrier:**
Nickel Teflon plated 8620 integral keyed steel bolt carrier (billet machined), heat treated/plated per Mil-Spec
Roller cam pin NP3™ coated
Chrome plated bolt, heat treated to Mil-Spec

**Magazines:**
POF-USA, C-Products, DPMS, Knight Armament, LaRue, MagPul™
and the original AR-10 waffle magazines

**NP3™ Plating:**
NP3™ is a combination of a nickel alloy plating combined with
Polytetrafluoethylene aka Teflon. The plating components with
electroless or autocatalytic nickel is one of the most rapidly developing metal finishing processes. The advantages of coating
uniformity, corrosion resistance and hardness are providing designers

ERGO™ pistol grip
KNS™ anti-walk pins
NORGON ambidextrous magazine release
VLTOR™ 6-position retractable buttstock with Mil-Spec tube
NP3™, Black anodized, O.D. green CeraKote™

**Handguards:**
ERGO™ ladder rail covers
Sling/Bi-pod mount
POF-USA M.R.R.™ Hunting/Sniper or Tactical Modular Railed Receiver, free floating monolithic top rail system

**Sights: optional**
POF-USA FTA-2005 snag free front sight
TROY flip up front and rear sights
Diamondhead flip up front and rear sights

**POF-USA Specifications:**
All raw materials are manufactured from U.S. steel mills.
All heat treats, plating/coatings, are completed by U.S. owned and operated manufacturers.
All accessory and component parts on weapons systems are U.S. owned and operated manufacturers.
All of our weapon systems are 100% pure American made.

Page 4 of 4

with opportunities to protect and
improve base materials in ways
that
were not previously possible.

American Vintage Inc
Sarasota, FL
941-524-9607
941-351-2721 FX
www.avguns.com

Law Office of Michael T. Robertson, Esq.

1834 Main Street • Sarasota, FL 34236 • PH: (941) 365-7220 • FAX: (941) 365-5540

12/06/2011

Mr. Robert Hogan
Hogan Manufacturing, LLC
5625 N. 53rd Ave.
Glendale, AZ 85301

**RE:** **AVGUNS/YUKHTMAN V. HOGAN, ET. AL.**
**CASE#:** **PENDING**
**FILE:** **11-1691-001**

VIA U.S. MAIL CERTIFIED RETURN RECEIPT REQUESTED

Dear Mr. Hogan:

Please be advised that I have been retained by American Vintage Guns, Inc. to proceed with an action to recover the $46,400.00 owed to my client, and that you have illegally retained and converted to your own use. If you are currently represented by counsel, please remit this correspondence to same, and have him/er provide me with notice of representation.

**NOTICE OF DEMAND PURSUANT TO §772.11 FLORIDA STATUTES**

YOU ARE HEREBY demanded to make payment in the amount of $139,200.00 to American Vintage Guns, Inc. within 30 days from receipt of this correspondence pursuant to §772.11 Florida Statutes. If payment is made within 30 days from the date of receipt, you shall be given a written release from further civil liability for the unlawful conversion and theft of the $46,400.00 belonging to American Vintage Guns, Inc.; and in the event suit has been filed, a voluntary dismissal with prejudice shall be filed in accordance with §772.11 Florida Statutes.

Please govern yourself accordingly.

Respectfully yours,

Michael T. Robertson
MTR/nw

\\Mrserver01\Company\CLIENT FILES\Yukhtman, Felix (1691)\11-1691-001\Correspondence (Auto - General Form)\11357.doc

EXHIBIT "B"

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Mr. Robert Hogan
Hogan Manufacturing, LLC
5625 N. 53rd Ave.
Glendale, AZ 85301
Matter Id: 11-1691-001

**COMPLETE THIS SECTION ON DELIVERY**

A. Received by (Please Print Clearly) | B. Date of Delivery

C. Signature
X [signature] ☐ Agent ☐ Addressee

D. Is delivery address different from item 1? ☐ Yes
If YES, enter delivery address below: ☐ No

3. Service Type
☑ Certified Mail ☐ Express Mail
☐ Registered ☑ Return Receipt for Merchandise
☐ Insured Mail ☐ C.O.D.

4. Restricted Delivery? (Extra Fee) ☐ Yes

2. 7009 0080 0000 8093 6974

PS Form 3811, July 1999 Domestic Return Receipt 102595-00-M-0952